IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| NASSER ALMUTAIRI | * | |
| Plaintiff | | |
| v. | * | CIVIL ACTION NO. RWT-06-2791 |
| KENNETH Y. TOMLINSON | * | |
| INTERNATIONAL BROADCASTING BUREAU | * | |
| Defendants | | |
| | *** | |

## MEMORANDUM OPINION

On October 24, 2006, Plaintiff filed this action,[1] alleging employment discrimination under Title VII, 42 U.S.C. §2000e, the Age Discrimination in Employment Act of 1967 ("ADA"), the Rehabilitation Act of 1973, and the Americans With Disabilities Act. In effect, Plaintiff claims that he was denied a job by International Broadcasting Bureau ("IBB") administrators in favor of "their own Lebanese nationals in favoritism and nepotism . . . ."[2] Paper No. 1.

According to attachments filed with this employment discrimination Complaint, on April 27, 2006, the Equal Employment Opportunity Commission ("EEOC") dismissed Plaintiff's administrative complaint against Kenneth Tomlinson and the IBB. On May 31, 2006, the EEOC denied Plaintiff's request for reconsideration and issued a right-to-sue letter, notifying Plaintiff that he had 90 calendar days from the date he received the decision to file a civil action in the appropriate United States District Court.

On October 26, 2006, Plaintiff was granted leave to proceed in form pauperis. He was, however, ordered to show cause why his Complaint should not be dismissed as untimely under 42 U.S.C. § 2000e-5(f)(1).

---

[1] The case was reassigned to the undersigned on December 1, 2006.

[2] Plaintiff also makes a vague reference to discrimination on the basis of a "walking disability." (Paper No. 1).

On November 8 and November 15, 2006, Plaintiff filed responses to the court's order. *See* Paper Nos. 5, 6. He noted that he previously filed an employment discrimination complaint in this Court against Defendant IBB only to have the case dismissed without prejudice for non-compliance with court order. *See* Paper No. 5; Paper No. 6, at 1. He claims that he missed court deadlines in that earlier case due to personal and family events, one of which required him to be out of town. *Id*. Plaintiff asserts that he attempted to take action to "put [that] case back on track." *Id*. Plaintiff also filed documents indicating that he has filed an appeal of the dismissal of the previous case. *See* Paper Nos. 6-2, 6-3.

There is no dispute that Plaintiff sought review of his claims against Tomlinson and the IBB before the EEOC. The EEOC completed review of the claim and issued a right-to-sue notice on May 31, 2006. This action was filed almost 60 days after the deadline for filing suit. Plaintiff argues that the time should be equitably tolled in light of his previous filing.

The civil docket shows that Plaintiff did indeed file a prior complaint against the IBB on July 25, 2006. *See Almutairi v. IBB*, Civil Action No. RWT-06-1929 (D. Md.). He did not, however, submit the civil filing fee or indigency application or file documentation demonstrating exhaustion of his administrative remedies. Consequently, on August 11, 2006, the Court ordered Plaintiff to supplement his Complaint and to pay the filing fee or to submit an indigency application within 30 days. *Id*. at Paper No. 2. Plaintiff was warned that his failure to comply with the court's order would result in the dismissal of his case. *See id*. On September 14, 2006, it appearing to this Court that Plaintiff had filed neither the supplement and fee or indigency application, the case was dismissed without prejudice. *Id*. at Paper No. 3.

On September 19, 2006 and October 4, 2006, Plaintiff filed Motions for Reconsideration, explaining that he was busy with family matters, and was out-of-town during the summer of 2006.

*Almutairi v. IBB*, Civil Action No. RWT-06-1929 (D. Md.), Paper Nos. 4, 5. He claimed that he was not informed of the August 11, 2006 Order while he was out of town. *Id*. In reliance on this explanation, the Court granted Plaintiff's Motions for Reconsideration and the case was reopened on October 5, 2006. *Id*. at Paper No. 6. Plaintiff was granted an additional twenty days to comply with the court order. *Id*. On October 27, 2006, the Complaint was once again dismissed without prejudice due to Plaintiff's apparent failure to comply with the court's order. *Id*. at Paper No. 7. The docket indicates Plaintiff filed two Notices of Appeal on November 15, 2006. *See id*. at Paper Nos. 8, 9.

Having reviewed the documents associated with each of Plaintiff's Title VII cases, the Court concludes that Plaintiff's Complaint and indigency application which instituted this action on October 24, 2006 likely represent Plaintiff's attempt to timely comply with the court's October 5, 2006 order in Civil Action No. RWT-06-1929. Accordingly, the Court finds that it is in the interest of justice to reopen *Almutairi v. IBB*, Civil Action No. RWT-06-1929 (D. Md.), and will direct the Clerk to file and docket the October 24, 2006 Complaint and indigency motion from this case in *Almutairi v. IBB*, Civil Action No. RWT-06-1929 (D. Md.), as a supplemental complaint and Motion to Proceed In Forma Pauperis, deemed filed on October 24, 2006. This case shall be dismissed without prejudice. A separate Order follows.

Date: 12/5/06                               /s/
                                  ROGER W. TITUS
                                  UNITED STATES DISTRICT JUDGE